## BRINSON v. GUYON.*
### No. 4579.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Berry & Berry, of Winnsboro, for appellant.

Anders & Anders, of Winnsboro, for appellee.

MILLS, Judge.

This suit is in the form of an executory proceeding for a balance of $101.50 on a note of defendant, dated May 9, 1931, for $200, secured by a chattel mortgage on a horse and mule. Defendant, by rule, sought an injunction restraining the sale upon a plea of payment. This plea admits the existence of the debt, and places upon the pleader the burden of proving his defense by a clear preponderance of the testimony.

Plaintiff answered the rule, alleging that he had been supplying defendant, a farmer, on open account, and that in addition to his privilege as furnisher of such supplies, he took from Guyon the note sued on as security for any balance due on the account. That Guyon had accepted a receipt showing that payments made by him were applied on the account, and he is thereby estopped from claiming that the payments should have been imputed to the note. This plea of estoppel was referred to the merits. The whole case seems to have been submitted on the hearing of the rule nisi, as the lower court, after said hearing, rendered the following judgment: "It is ordered, adjudged and decreed that the order for a writ of seizure and sale herein be amended so as to exclude all items and charges accrued prior to the date of the note and mortgage herein sued upon, said items and charges being the account of defendant for 1930 and interest in the amount of $76.37; that otherwise said order for a writ of seizure and sale be affirmed, that is, in the amount of $25.13; that except as to the amount of $76.37, said rule nisi be discharged and that the writ of preliminary injunction prayed for be denied; and that T. R. Brinson pay all costs incurred from and after the granting of the order for the writ herein, together with the costs of this proceeding."

Brinson appealed devolutively to this court, and Guyon answered the appeal praying that plaintiff be enjoined in toto from proceeding with the sale, and that the property seized be ordered released and returned to him.

The facts in the case, as disclosed by the record, are:

That E. K. Guyon had been doing business with Brinson's son-in-law during the year 1930; that on this account there was a balance at the end of the year of $69.43. This balance appears on Brinson's account, and according to his testimony was transferred to him by his son-in-law. Beginning in Jan-

*Rehearing granted January 3, 1934.

uary, 1931, Brinson furnished supplies to Guyon until the 19th day of October; the account at that time, including the balance brought forward from 1930, aggregating $310.63.

Two payments are credited on the account; one in September, 1931, of $115.22, and one on the 19th day of October, of $93.91. Both of these payments were in the shape of cotton delivered to Brinson. These payments reduced the account to the amount claimed in the executory process.

■ On May 19, 1931, Guyon, being in need of cash for necessary medical attention and of supplies for the balance of the season, executed the chattel mortgage note sued on and delivered it to Brinson. Brinson claims that it was voluntarily agreed that the note was to secure the whole account, including the $69.43 brought forward from 1930, while Guyon contends that the note was only given to secure the 1931 account. In view of the fact that it is not probable that Brinson would accept the security and continue advances unless it was given for the whole account, and the fact that counsel for Brinson testifies that after the note was placed in his hands for collection Guyon offered to pay $50 on it, providing it was extended, without questioning the amount due, we are satisfied that the note was given to secure the whole account.

■ When the first payment was made in September, Guyon claims that he told Brinson that he wanted it applied on the note. Brinson denies this, and claims that nothing was said about the note. In corroboration of his testimony, no such credit appears upon the note. At the time of the last payment in October a general settlement was had. Brinson testified that at that time nothing was said, until after the payment was made and a balance agreed upon, about imputing the payment to the note, but admits that after this was done Guyon demanded that the payment be applied upon the note. This Brinson refused to do and over the protest of Guyon delivered to him a receipt showing both the September and October payments were applied on the account. Whereupon Guyon went to Winnsboro to consult a lawyer, and Brinson hastened to the same place to record his chattel mortgage.

From the above facts, we conclude that defendant has fallen into the error of concluding that the note, given only for security, was an absolute debt; in other words, that he owed both the account and the note and could, therefore, apply his payment to either indebtedness. As a matter of fact, there is but the one debt; that on the account. The note transaction is but incidental and accessory to the principal obligation. As to the note, defendant was a surety, and as to the account, a debtor.

The law in regard to the imputation of payments does not apply to the situation presented in this case. In the case of Grand Lodge v. Murphy Construction Co., 152 La. 123, 92 So. 757, our Supreme Court held that the imputation of payments cannot be controlled by a surety, and, further, that the rule as to the imputation of payments will not be applied where it will work a fraud.

In Thompson & Co. v. Sporl, 160 La. 352, 107 So. 135, 137, in a case almost on all fours with that before us, the court says: "There is not the least doubt that Sporl knew that the note was being carried by Thompson & Co. as security for the balance due by him on open account, and not as a separate item of indebtedness."

In this case, there was an open running account which was credited with the proceeds of cotton consigned and sold. This account was secured by defendant's note, with two indorsers. The indorsers resisted suit on the ground that the proceeds of the cotton sold should have been imputed to the note and not applied on the account. The court held that this defense totally failed. It is true that in that case there was never any demand by the debtor that the payments be imputed to the note, but the reasoning is applicable to the facts in the present case.

The judgment appealed from is amended by increasing the amount allowed to that prayed for, and by rejecting the demands of plaintiff in rule for an injunction; defendant to pay the costs of both courts; and, as amended, the judgment is affirmed.