ex rel. Honey Island L. & T. Co. v. King, 110 La. 961, 968, 35 So. 181.

The motion to dismiss is therefore denied.

## II.

The issues raised by the defendants in their new pleadings which were not or might not have been raised in their former pleadings but arise out of changed conditions growing up since are substantially only three, to wit: (1) That traffic conditions have so changed in the last three years that the opening up of Allen avenue is no longer necessary; (2) that the city of Shreveport is not financially able to carry out the project which it contemplates; and (3) that, owing to the depression and loss of business, defendants may be unable to contribute their share of carrying out the project.

We think these matters are irrelevant. The relief of traffic conditions along certain streets in the city was but one reason for opening Allen avenue. Another was that defendants' tracks occupy a strip over 6,000 feet long separating one section of the city of Shreveport from another section over which there is no cross street whatever; that is to say, there is no cross street connecting the two portions of the city anywhere between King's Highway and Jordan street which are 6,000 feet apart, and that alone is sufficient reason for providing another cross street between the two sections of the city at some point between these two cross streets distant over 6,000 feet from each other.

The financial condition of the city is also irrelevant. The city cannot take possession of the right of way until it has paid defendants the award found by the jury of freeholders, and therefore the property of defendants cannot be disturbed until the payment of that award, and it is quite immaterial when or how the city will finance its own part of the project, since the city has unquestionably the right to expropriate a right of way for the intended purpose. When the law grants the right to expropriate and fixes in detail the method of procedure, it does not contemplate that, before said procedure be resorted to, there should be a long and intricate inquiry into the financial ability of the plaintiff to carry out the project which it has in contemplation; otherwise expropriation proceedings, instead of being summary as provided by law, would be interminable and the right to expropriate would depend not only upon the public necessity but also upon a prior judicial determination of plaintiff's ability to carry out the proposed public project; and the law nowhere so provides. As to the defendants' possible inability to pay for any part of the project which they may be called upon to pay, that also is irrelevant. If the city, after carrying out the project, is unable to collect from the defendants their proportion of the costs, if any, that will be unfortunate, but cannot operate so as to take away from the city its right to go ahead with the project and pay for it as best it can.

We are therefore of opinion that the trial judge was correct in overruling the pleas of the defendants.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.

## MOORE v. HAMITER et al.

No. 4758.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Dickson & Denny, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

MILLS, Judge.

The receiver of the Meriwether Supply Company, Inc., brings this suit against the receiver of the Shreveport Paving Company, Inc., and Emmett Cochran, in solido, for $1,720.48, the unpaid balance on a note for $5,000, dated July 10, 1929, made by the paving company and indorsed by Cochran. In the alternative plaintiff asks judgment in the same amount on the open account which it is alleged the note was given to secure.

Defendants answer that plaintiff has received out of concursus proceedings involving transactions between the parties more than the amount of the note and that these sums should have been applied to its payment.

On the trial of the case, in order to arrive at the true situation, the lower court properly allowed the parties considerable latitude under the pleadings. As a result it is conclusively proven that the note was given to secure only the past due indebtedness existing at its date. Also that a past due indebtedness was considered an account showing unpaid items more than thirty days old; that the existence of such items in an account made it all past due.

Applying this test to the account sued on, which is admittedly correct, we find the following sums past due July 10, 1929: Dalzell street account, to the amount of $411.93, less a credit of $11, or $400.93; Texas avenue and Jordan street, $365.88; and Broadmoor boulevard, $346.15; in all, $1,112.96. In the lower court the amount past due was found to be $1,266.90, because the whole of the Dalzell street account was erroneously held to be past due, instead of only those items dated prior to the date of the note. Judgment was rendered in solido for this amount against both defendants, with 8 per cent. per annum interest from July 10, 1929, and 10 per cent. attorney's fees.

■ For the difference, consisting of items not past due when the note was given, judgment was correctly rendered on open account against the receiver of the paving company alone, but erroneously allowed 8 per cent. interest, instead of legal interest, and wrongly assessed 10 per cent. attorney's fees.

■ As defendant Emmett Cochran alone has appealed, we cannot correct this error. The position of defendants, that the proceeds of the concursus suits should be credited on the note, is not tenable. Brinson v. Guyon (La. App.) 150 So. 866.

The sums realized on concursus were in payment of particular accounts and to extinguish resulting liens.

The judgment appealed from is therefore amended by reducing the amount allowed against Emmett Cochran, who is liable only as an indorser on the note, from $1,266.90 to $1,112.96, and, as amended, is affirmed; plaintiff to pay the cost of appeal.